Van Brunt, P. J.
It may not be at all necessary to add anything to the opinion which has been rendered by the surrogate upon the disposition of this motion. It may be proper, however,- to consider, in view of the intimation of' the court of appeals in the case of Younger v Duffie (94 N. Y., 533), whether any change has been made by the Code of Civil Procedure in the practice and powers of the surrogate as they existed at the time that the question in the case of Russell v. Hartt, (87 N. Y., 19) arose.
It is admitted by the counsel for the appellants that if no-change has been made in the jurisdiction of the surrogate’s- *787 court by the present Code, that the decision in the case of Russell v. Hartt must be deemed conclusive as to the existence of jurisdiction in the surrogate’s court to entertain the application in question.
It is to be observed that the decision in Russell v. Hart soems to be based largely upon the ground of the extension of jurisdiction in the surrogate’s court by the provisions of chapter 460 of the Laws of 1837.
The objection was taken that except in a case when a will of personal estate duly executed in this state by a person not a resident of this state shall in the first instance have been duly admitted to probate in the court of a foreign state or country, no authority has ever been given to a surrogate to act on a will the original of which could not be produced before him.
The court held that the act is broad enough to cover the case, as it expressly authorizes the surrogate of each county to take proof of the wills of all deceased persons where the testator not being an inhabitant of this state shall die out of the state leaving assets in the county of such surrogate and then restores the incidental powers of surrogates, and authorizes them to issue commissions to take testimony in foreign countries. The court further held that as the surrogate has the power to issue commissions to take testimony in foreign countries, the issuance of such a commission makes the commissioners officers of the court for the purpose for which it was- issued, and that in the execution of the authority conferred the commissioners stand in the place of and represent the court, and that the exhibition of an original will before them was substantially a production of the will before the court. In the case at bar the jurisdictional facts, although different, come under the same section of the act of 1837 as is mentioned in the case of Russell v. Hartt. Section 2476 of the Code seems to be substantially an equivalent to the section of the act of 1837, referred to in the case cited.
The decision, therefore, in the case above mentioned, is distinctly to the effect that the production .of an original will before commissioners appointed by the surrogate to take evidence, is substantially a production of the will before the surrogate’s court; and therefore the provisions of the Code which appear to require the production of a will in any case before the surrogate, are complied with by the production of the will before the commissioners appointed by the surrogate to fake proof in reference to its execution.
The case of Younger v. Duffie (supra), does not in any respect conflict with this view. The question, therefore, before the court was as to the jurisdiction of the supreme court to entertain an action to prove a will, the original of which remained on file in the archives of the notary’s office at the city of Cadiz, in Spain, from which the same could not, by reason of the laws of Spain, be taken for the pur *788 pose of being admitted to probate under the laws of the state of New York or for any other purpose whatsoever. The court simply decided that the fact that the will could not be obtained for production in the surrogate’s court of Richmond county, gave the supreme court jurisdiction to entertain an action under the provisions of section 1861 of the Code of Civil Procedure. But it was not decided and it was not intended to be decided that the surrogate’s court was deprived of jurisdiction to entertain proceedings for the probate of the will, simply because the will itself was not produced before the surrogate of that county.
There is no evidence of any intention upon the part of the legislature by the enactment of section 1861, to deprive the surrogate’s court of any jurisdiction which it otherwise had, but simply to confer jurisdiction upon courts to entertain an action "to procure a judgment establishing a will under certain circumstances.
It would be a forced application of the rule of repeal by implication to hold that because of supposed inconsistencies between the provisions of section 1861 of the Code and the jurisdiction which the surrogate’s courts had been accustomed to and which they would be undoubtedly held, to have the rights to continue to exercise were it not for these apparent inconsistencies, the jurisdiction of the surrogate’s court had been thereby abridged.
Pull force and effect can be given to section 1861, without in any respect infringing upon that jurisdiction which had been recognized by the court of appeals to exist in surrogate’s courts.
We are of the opinion, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.
Daniels and Bartlett, JJ., concur.